**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2584
_____

In re:  GEORGETTE MOISUC,
                          Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-15-cv-03799)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 9, 2018

Before: SHWARTZ, KRAUSE and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 23, 2018)
_____

OPINION[*]
_____

PER CURIAM

     Georgette Moisuc, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States

District Court for the Eastern District of Pennsylvania affirming an order of the United

States Bankruptcy Court for the Eastern District of Pennsylvania approving a settlement

agreement.  For the reasons that follow, we will affirm the judgment of the District Court.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2004, Georgette Moisuc and her husband, Vladimir Moisuc, executed a mortgage in connection with a loan by New Century Mortgage Corporation in the amount of $660,000. Vladimir Moisuc executed the related note. In 2008, Vladimir Moisuc passed away. On July 9, 2012, Deutsche Bank National Trust Company filed a foreclosure action against Georgette Moisuc in the Delaware County, Pennsylvania Court of Common Pleas alleging that it had been assigned the mortgage and that the loan was in default as a result of a failure to pay monthly installments since January 1, 2012.[1]

Moisuc asserted in her answer to Deutsche Bank's amended complaint that only her husband had executed the mortgage, that her signatures had been forged, and that the mortgage assignment to Deutsche Bank was fraudulent. The trial, which had apparently begun before the forgery allegations were raised and the amended complaint was filed, was scheduled to resume on February 3, 2015. On February 2, 2015, Moisuc filed a Chapter 7 bankruptcy petition in Bankruptcy Court and the foreclosure action was stayed.

The Bankruptcy Court granted Deutsche Bank's motion for relief from the automatic stay on May 6, 2015 so that the state court trial could be completed. On May 18, 2015, however, the Trustee moved for an order approving a Stipulation of Settlement with Deutsche Bank. Deutsche Bank had offered the Trustee $20,000 in full and final settlement of all of Moisuc's defenses to the foreclosure action and the stay relief motion.

---

[1]The foreclosure action was filed by Deutsche Bank National Trust Company, as Trustee under Pooling and Servicing Agreement dated as of January 1, 2005 Morgan Stanley ABS Capital I Inc. Trust 2005-HE1, By Its Attorney-In-Fact Ocwen Loan Servicing, LLC, which we will refer to as Deutsche Bank.

The Trustee stated in the motion that he had investigated Moisuc's forgery and other claims in the foreclosure action, which became the property of the bankruptcy estate. He concluded, in an exercise of his business judgment, that it would not be in the estate's best interests to assert Moisuc's defenses to the foreclosure action or the stay relief motion. He based his conclusion upon, among other things, the time and expense required to pursue the forgery claim and the fact that there were no funds to pay counsel to litigate the claim, the questionable validity of the claim in light of its belated assertion, Moisuc's admissions at her deposition that she and her husband were present at the loan closing and that the loan proceeds were deposited into their joint checking account, her contradictory assertions as to whether her husband had signed the loan documents, and the fact that she had only $14,848.21 in general unsecured debt.

The Trustee stated that the settlement would resolve the claims and bring needed funds into the estate without the costs and risks of further litigation. Under the Stipulation of Settlement, the Trustee agreed to settle all of Moisuc's claims and defenses to the foreclosure action and the stay relief motion. Because the settlement would pay all of Moisuc's unsecured claims, the Trustee agreed to abandon the estate's interest in the real property.

Moisuc then filed a motion to dismiss her bankruptcy case. She stated that her circumstances had changed and that she could resolve her financial affairs without the court's aid. Moisuc also filed objections to the Trustee's motion to approve the

3

settlement. She asserted that expert reports supported her forgery claim and that her bankruptcy case should be dismissed.

At a hearing on the motions, the Bankruptcy Court denied Moisuc's motion to dismiss the bankruptcy case because the proposed settlement would pay her unsecured creditors in full and was in their best interest. In support of his motion to approve the settlement, the Trustee stated that he had spent a lot of time reviewing the state court pleadings, that there were conflicting expert reports as to whether the signatures were forged, and that a notary public present at the closing of the loan supported a conclusion that they were valid. The Trustee also stated that the Moisucs had received the benefit of the loan because they received funds that paid off their prior mortgage and a check for over $200,000. The Trustee said that he believed that the chances were "better than a 50/50 proposition" that Deutsche Bank would prevail. The Bankruptcy Court asked about the effect of the settlement on the foreclosure action and counsel for Deutsche Bank confirmed that its approval mooted that proceeding because Moisuc was left with nothing to argue in state court.

The Bankruptcy Court approved the settlement. The Bankruptcy Court explained that, absent evidence that the Trustee failed to exercise business judgment or that his judgment was faulty, motions to approve compromises are routinely granted. The Bankruptcy Court stated that the settlement was fairly compelling because it provided for payment in full of all of Moisuc's unsecured claims. The Bankruptcy Court noted that it was difficult for Moisuc to show faulty business judgment by the Trustee where he

4

reviewed the state court matter, concluded that the Bank would prevail, and concluded that Moisuc's position was hard to sustain because she got the benefit of the bargain whether or not she or her husband signed the documents. The Bankruptcy Court stated that Moisuc had provided nothing that undermined the Trustee's judgment, that she received the benefit of the loan, and that she had admitted at the hearing that her husband had signed the mortgage.

Moisuc appealed to District Court. The District Court applied the test for evaluating the settlement of a claim set forth in In re Martin, 91 F.3d 389, 393 (3d Cir. 1996), under which a bankruptcy court considers (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation, and its attending expense, inconvenience, and delay; and (4) the paramount interest of the creditors.

The District Court concluded that the Bankruptcy Court did not abuse its discretion in relying on the Trustee's judgment that Deutsche Bank would likely prevail in state court, where the Trustee had reviewed the state court record and found undisputed evidence that the Moisucs had received the benefit of the loan, and Moisuc did not show that his judgment was faulty. The District Court also ruled that the Bankruptcy Court properly considered the likely difficulties in collection when it denied Moisuc's motion to dismiss the bankruptcy case and stated that the settlement allowed her creditors to be paid in full immediately, which Moisuc admitted she could not do.

The District Court also found no error in the Bankruptcy Court's reliance on the Trustee's judgment as to the complexity of the litigation and its time and expense. The District Court noted that the Trustee had stated in his motion that success on the forgery claim would inevitably result in an appeal, which would entail additional expense and delay disposition of the bankruptcy case, and that the foreclosure action would involve a battle of experts. In addition, the District Court found no abuse of discretion as to the consideration of the paramount interest of the creditors, which, as noted above, would be paid in full. The District Court affirmed the Bankruptcy Court's approval of the settlement and rejected Moisuc's other arguments on appeal, which included defenses to the foreclosure action. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review the Bankruptcy Court's approval of the Stipulation of Settlement for abuse of discretion. Martin, 91 F.3d at 391.

Moisuc argues on appeal that the trust for which Deutsche Bank serves as trustee does not exist. She asserts that documents and court orders have been filed that refer to Deutsche Bank, as Trustee for "Morgan Stanley ABS Capital I Inc. Trust 2005-HEL," and that this trust is not in the Securities and Exchange Commission's public database. Deutsche Bank states that the correct name of the trust is "Morgan Stanley ABS Capital I Inc. Trust 2005-HE1" and that the discrepancies are typographical errors. The record reflects that there have been court filings using both names and that the trust is referred to as Morgan Stanley ABS Capital I Inc. Trust 2005-HE1 in the foreclosure action, the

Stipulation of Settlement, and the order approving the settlement. Moisuc has not shown that relief is due based on the apparent errors in other filings.

Moisuc also raises arguments she made in District Court related to the foreclosure action, including that the signatures on the mortgage and assignment are forged. To the extent these arguments relate to Moisuc's probability of success in the foreclosure action under Martin, Moisuc did not show in Bankruptcy Court that the Trustee's conclusion in this regard was faulty. Moisuc also contends that Deutsche Bank has no standing in federal court, but we agree with the District Court that Deutsche Bank has standing as it is a party to the settlement agreement that is the subject of Moisuc's appeal. Moisuc also argues that the mortgage assignment to Deutsche Bank violated provisions of the Bankruptcy Code. Moisuc, however, did not raise these arguments in opposing the motion to approve the settlement and they are not properly before us.

Finally, Moisuc has reproduced in the Statement of the Case section of her brief a motion for relief pursuant to Federal Rule of Civil Procedure 60(b). The District Court has denied Moisuc's motion. To the extent Moisuc seeks review of the post-judgment order, a separate appeal is required. We do not consider her arguments in this regard.

Accordingly, we will affirm the judgment of the District Court.[2]

---

[2]Moisuc's "Motion to Postpone February 9, 2018 Calendar Date . . . and Leave to Submit an Amended Complaint . . .," which seeks leave pursuant to Federal Rule of Appellate Procedure 28(j) to submit an amended appeal brief and supporting documents, is denied. See Beazer East, Inc. v. Mead Corp., 525 F.3d 255, 264 (3d Cir. 2008) (Rule 28(j) letter cannot be used to present additional arguments). Deutsche Bank's motion to suppress Moisuc's motion is denied.